# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

|  |  |
|---|---|
| ANTHONY LUIS PAREDES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No.  22-cv-00758-BLF<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>[Re: ECF No. 61] |

Before the Court is Plaintiff's Administrative Motion to Seal videos submitted with his opposition to Defendants' motion to dismiss.  Mot., ECF No. 61.  Defendants have submitted a statement in support of Plaintiff's motion.  Statement, ECF No. 70.  For the following reasons the motion to seal is GRANTED.

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Under this Court's Civil Local Rules, a party moving to seal a document in whole or in part

1  must file a statement identifying the legitimate private or public interests that warrant sealing, the
2  injury that will result if sealing is denied, and why a less restrictive alternative to sealing is not
3  sufficient.  *See* Civ. L.R. 79-5(c)(1).  A supporting declaration shall be submitted if necessary.  *See*
4  Civ. L.R. 79-5(c)(2).  Finally, the moving party must submit "a proposed order that is narrowly
5  tailored to seal only the sealable material[.]"  Civ. L.R. 79-5(c)(3).

## II. DISCUSSION

Plaintiff offers the videos in support of his opposition to Defendants' motion to dismiss. Because that motion goes to the merits of Plaintiff's claims, the compelling reasons standard applies.

The Court finds that compelling reasons exist to seal the videos.  First, the videos contain footage of third parties who were arrested by the police but are not involved in this case.  *See Ortiz v. City & Cnty. of San Francisco*, No. 18-CV-07727-HSG, 2020 WL 2793615, at *8 (N.D. Cal. May 29, 2020) (relying, in part, on "privacy concerns of third parties" in granting motion to seal jail surveillance videos under compelling reasons standard).  Second, the Court did not consider the videos in deciding whether to grant Defendants' motion to dismiss, as they were not part of the relevant pleading.  *Cf. Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (noting that evidence outside the complaint "should not be considered in ruling on a motion to dismiss").  Thus, disclosure of the videos will not serve the public interest in understanding the judicial process at this stage.  *Kamakana*, 447 F.3d at 1178-79.

Accordingly, the Court GRANTS Plaintiff's motion to seal the videos WITHOUT PREJUDICE to unsealing if the videos are later considered by the Court.

**IT IS SO ORDERED.**

Dated: August 8, 2023

_____
BETH LABSON FREEMAN
United States District Judge