UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LUIS PAREDES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No. 22-cv-00758-PCP<br><br>**ORDER DENYING MOTION TO SEAL**<br>Re: Dkt. No. 75 |

Before the Court is a motion to seal an exhibit to Mr. Paredes' amended complaint. The exhibit includes information from a deposition pertaining to a police officer who was disciplined for violating his department's canine policy in an incident where a police dog bit a suspect's leg. Mr. Paredes, with Defendants' support, asked to seal the exhibit pursuant to the protective order.

There is a "strong presumption in favor of access" to court records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party who wishes to seal a court record "must articulate compelling reasons supported by specific factual findings … that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (cleaned up). Sealing may be justified when "court files … become a vehicle for improper purposes, such as … to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179. But without more, the "fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation" does not compel sealing. *Id.* "Under this stringent standard," the Court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016).

Although the "compelling reasons" standard presumptively applies to requests to seal, a

1  lower "good cause" standard applies to discovery material included with motions that are only
2  "tangentially related to the underlying cause of action." *Ctr. for Auto Safety*, 809 F.3d. at 1099.
3  This is the same standard that governs protective orders under Federal Rule of Civil Procedure
4  26(c). Any complaint, however, is clearly closely connected to the underlying cause of action, and
5  the compelling reasons standard therefore applies to requests to seal complaint materials. *See In re*
6  *Yahoo! Inc. Customer Data Sec. Breach Litig.*, 16-MD-02752-LHK, 2018 WL 9651897, at *2
7  (N.D. Cal. Jan. 3, 2018) (collecting cases).

8  Defendants offered two arguments in support of sealing: First, they argued that the events described in the exhibit are irrelevant because they occurred after the events giving rise to Mr. Paredes' claims. Second, they argued that the information is confidential and protected by state law, including California Penal Code § 832.7. Section 832.7(a) provides that "personnel records of peace officers … or information obtained from these records, are confidential." But the statute also includes exceptions for records related to "[a] sustained finding involving a complaint that alleges unreasonable or excessive force" or any "incident involving the use of force against a person by a peace officer … that resulted in death or in great bodily injury." *Id.* § 832.7 (b)(1)(A)(ii)–(iii). After the Court ordered supplemental briefing, Defendants now acknowledge that the information is not protected by Section 832.7, because the department has determined that the incident involved an officer's use of force causing "great bodily injury" and because the finding has been sustained.

20  The Court is of course cognizant of the important privacy protections enjoyed by all public employees, including law enforcement officers. But the Legislature has concluded that these protections do not extend to information about police officers' use of force that results in death or serious injury. Indeed, the public's interest in learning about such incidents is particularly strong, as the Legislature's exceptions recognize. Here, the question is not whether the information to be sealed is *relevant* to Mr. Paredes' claims (although it does appear to be), but instead whether there are compelling reasons to conceal it from the public. Defendants have not shown how disclosure would further improper purposes or articulated any other compelling reason that outweighs the strong public interest and presumption in favor of access. The motion to seal is therefore denied.

Mr. Paredes shall file an unredacted copy of Exhibit A to his Third Amended Complaint to this case's public docket within 14 days of the entry of this order.

**IT IS SO ORDERED.**

Dated: October 25, 2023

_____
P. Casey Pitts
United States District Judge