UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LUIS PAREDES,<br><br>   Plaintiff,<br><br>   v.<br><br>CITY OF SAN JOSE, et al.,<br><br>   Defendants. | Case No.  22-cv-00758-PCP<br><br>**PRETRIAL ORDER** |

Notwithstanding the City of San Jose's motion for summary judgment currently pending before the Court, trial is scheduled to begin in this case on February 4, 2025, and a joint pretrial conference is set for January 21, 2025. This order sets out additional filing requirements in advance of these proceedings. All submissions required by this order shall by the applicable deadline be filed on the public docket and emailed, in editable Microsoft Word form, to pcppo@cand.uscourts.gov.

**I.    Due January 7, 2025: Joint Pretrial Conference Statement**

The parties shall submit a joint statement of up to 10 pages. The statement shall:

- *Facts*: State all relevant undisputed facts to which the parties will stipulate for incorporation into the trial record without supporting testimony or exhibits, as well as all disputed facts that remain to be decided at trial.
- *Legal issues*: Briefly state each disputed point of law, including relevant citations.
- *Motions*: Indicate any anticipated motions, including motions in limine.
- *Stipulations*: Indicate any requested or proposed stipulations that will expedite the presentation of evidence.
- *Settlement*: Summarize the status of settlement negotiations and indicate whether

1      further discussions are likely to be productive.

2    • *Duration*: Estimate the total number of hours or days needed for trial.

3    • *Witnesses*: List all witnesses likely to be called at trial by each side, describe the

4      substance of the testimony to be given, and estimate how long the testimony will take.

5    • *Miscellaneous*: Identify any other issues to be addressed at the conference.

6 The parties shall meet and confer in advance of the deadline to prepare this statement.

**II.     Due January 14, 2025: Additional Pretrial Filings**

  **A.     Jury Materials**

The parties shall submit the following:

- ***Preliminary statement:*** A one-paragraph statement of the case to be read at voir dire.
- ***Proposed jury questions:*** A list of up to nine agreed upon questions to be asked in the online questionnaire that will be sent to prospective jurors before jury selection.
- ***Proposed voir dire questions:*** A list of agreed upon questions to be posed by the Court after initial voir dire (counsel will also be allowed a brief follow-up voir dire).
- ***List of involved individuals:*** A list of all people involved in this case (including counsel, parties, and potential witnesses) to be shared during jury selection.
- ***Proposed jury instructions:*** A joint set of proposed jury instructions. Proposed instructions should follow the Ninth Circuit Model Jury Instructions to the extent possible, and any deviations must be indicated. Undisputed instructions shall be identified as "Stipulated Instruction No. [number] re: [subject]." Disputed instructions shall be identified as "Disputed Instruction No. [number] re: [subject] offered by [party]," with different proposals of the same instruction bearing the same number. For any disputed instruction (or any instruction which a party believes should not be given), each party may file a one-page statement supporting their position.
- ***Proposed verdict form:*** A single agreed upon proposed verdict form if possible, or separate proposed verdict forms if the parties cannot reach agreement.

  **B.     Motions In Limine**

Each party may submit up to five motions in limine, each addressing a single, separate

2

topic. Should the parties need to seek relief from the five-motion limit, they must do so by December 14, 2024. Motions shall be identified as "[Party's] Motion in Limine No. [number] re: [topic]." Briefing is limited to five pages per side, and reply briefs are not permitted. Motions shall be filed by January 14, 2024, and oppositions shall be filed by January 20, 2024.

### C. Exhibits

The parties shall prepare a single set of all trial exhibits that will be the official record and, if applicable, used on appeal. Exhibits shall be numbered (not lettered) sequentially, with each exhibit identified as "Trial Exhibit No. [number]." Before submitting trial exhibits, the parties shall meet and confer in person to consider exhibit numbers, eliminate duplicates, and minimize confusion, and make a good faith effort to stipulate to admissibility. At minimum, absent a legitimate objection, the parties shall make every effort to stipulate to authenticity and foundation.

The parties shall deliver to the Courtroom Deputy two original sets of exhibits. The exhibits shall be placed in sequential order in a three-ring binder with a labeled divider separating each exhibit. If multiple binders are necessary, the spine of each binder should be labeled to indicate the exhibits included. Each exhibit shall be tagged as follows:

> United States District Court
> Northern District of California
>
> **Trial Exhibit No. 100**
>
> Case No. 23-cv-03270-PCP
> Date Entered: _____
> By: _____
>                 *Deputy Clerk*

Exhibit tags should be placed in the bottom right corner of the front page of each exhibit if possible, or otherwise in the bottom left corner of the back of the last page. If possible, tags should be printed on yellow paper or another light color that stands out but still allows for photocopying.

The parties shall also deliver a USB drive containing every exhibit as a separate file. Files should be named so that the exhibits are listed sequentially when the files are sorted by name.

Finally, the parties shall submit a tabular index of all exhibits, discovery responses, and

deposition excerpts to be offered at trial. The table shall including the following columns: (a) exhibit number, (b) brief description, (c) purpose and sponsoring witness, (d) any objections, (e) response to any objections.

### III. Trial Logistics

Requests for a daily transcript or real-time reporting, if desired, must be arranged with the Courtroom Deputy Nicole Coleman before the date of the pretrial conference.

Counsel must clearly announce the number of any exhibit used during proceedings. The parties should plan to present evidence using the available courtroom technology. The parties must provide agreed-upon transcripts of any audio or video exhibits used at trial by the day offered.

Counsel should move exhibits into evidence as soon as foundation is laid. At the end of each trial day, counsel shall consult with each other and the Courtroom Deputy about which exhibits are in evidence and any limitations. Disagreements must be brought to the Court's attention. At the close of evidence and before closing arguments, counsel must confer with the Courtroom Deputy to make sure the exhibits in evidence are in good order. Counsel must jointly provide a revised index of all exhibits actually in evidence, stating (a) the exhibit number, and (b) a brief neutral description of the contents. This index will be provided to assist the jury.

Two calendar days before calling any witnesses, counsel shall exchange in writing by 5:00 PM a list of witnesses to be called and any exhibits to be used during direct examination. By 5:00 PM on the day before those witnesses are called, opposing counsel shall provide any objections to the listed exhibits and shall exchange a list of exhibits to be used with the listed witness(es) on cross-examination (other than for impeachment). Counsel shall promptly notify the Court of any objections.

Trial proceedings are typically conducted on Mondays, Tuesdays, and Wednesdays from 9:30 a.m. – 4:30 p.m. and Fridays from 9:30 a.m. – 12:30 p.m.

**IT IS SO ORDERED.**

Dated: October 8, 2024

P. Casey Pitts
United States District Judge

4